UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA      )
                              )
V.                            )          No. 2:10-CR-126
                              )
JEREMIAH CHANCE STALLANS      )


**REPORT AND RECOMMENDATION**

Defendant has filed a motion to suppress unspecified evidence. (Doc. 13). The context of the motion, however, especially ¶ 9, suggests that defendant is asking that *all* evidence against defendant be suppressed on the basis that the evidence was generated by an "electronic 'peek'" into defendant's home computer by law enforcement agents, resulting in the discovery of images of child pornography.

This motion has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). A hearing was held on July 12, 2011.

Defendant's motion could be read as suggesting that law enforcement agents "hacked" into defendant's computer, and that most certainly is not what occurred.

By installing and enabling LimeWire, a computer user allows other computer users to gain access to his computer and download files from it. Similarly, he can download files himself from other computer users who have installed the LimeWire software. The

Wikipedia definition is not only succinct, it is accurate: LimeWire is a "free peer-to-peer filing sharing P2P client program that runs on Windows, Mac, OS X, Linux, and other operating systems supported by the Java software platform."

On April 22, 2009, Detective Jim Watson of the Knox County Tennessee Sheriffs Department was "trolling" the Internet, using an enhanced version of the LimeWire program, to search for purveyors of child pornography. During the course of one Internet session, he came across files with names which he recognized as denoting child pornography. He ascertained the Internet protocol (IP) address of the computer on which these files were stored. He thereafter obtained an administrative subpoena directed to the Internet service provider of that IP address, Charter Communications, to determine to whom that IP address was registered.[1] Charter Communications ultimately advised Detective Watson that the IP address was registered to Jeremiah Stallans of Greenbriar Road in Talbott, Tennessee.[2] Detective Watson passed on the foregoing information to Detective Michael O'Keefe of the Morristown, Tennessee Police Department. Detective O'Keefe submitted an application to Criminal Court Judge John Dugger for a warrant to search Mr. Stallans' computer. His supporting affidavit described Investigator Watson's Internet session during which he observed files with names associated with child pornography that resided on Stallans' computer. Judge Dugger concluded that there was probable cause to believe that Mr.

---

[1]Doc. 13, Ex. 1.

[2]Doc. 13, Ex. 3.

Stallans' computer contained images of child pornography, and he issued the search warrant.

Thus, the investigation commenced with Detective Watson's observation of files with names associated with child pornography on defendant's computer, which defendant characterizes as an "electronic peek," and which he argues was an unreasonable search under the Fourth Amendment.

It was nothing of the sort. Defendant installed LimeWire on his computer, thereby allowing anyone and everyone unfettered access to those files within his computer which he had made available for downloading through the LimeWire program. Detective Watson did nothing beyond what any other computer user could have done. Defendant can hardly heard to complain that someone did the very thing that defendant himself not only authorized, but *invited*. Stated in legal terms, defendant had no reasonable expectation of privacy in those child pornography files which he made available to the entire world for viewing and copying. *See, e.g., United States v. Barrows*, 481 F.3d 1246, 1249 (10th Cir. 2007); *United States v. Stults*, 575 F.3d 834, 843 (8th Cir. 2009).[3]

There is no basis upon which this court should grant the defendant's motion to

---

[3]In addition to these cases, the United States' brief contains citations to other Circuits as well. Suffice it to say, no court, Circuit or District, has held that an individual has a reasonable expectation of privacy in files which he has generally made available to the public through peer-to-peer file sharing programs, such as LimeWire.

suppress, (Doc. 13), and it is recommended that it be denied.[4]

Respectfully submitted,

_____s/ Dennis H. Inman_____
United States Magistrate Judge

---

[4]Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived.  28 U.S.C. 636(b)(1).